Vate PEPUSHAJ, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 05–0019–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Aleksander Milch, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Sharon D. Stokes, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: HON. JOSÉ A. CABRANES, HON. REENA RAGGI, and HON. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Vate Pepushaj, a native Albanian, appeals from the BIA's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied the requested relief concluding that the testimony Pepushaj offered in support of his application was not credible. The IJ based the adverse credibility determination, in part, on her finding that Pepushaj's claims that he had been physically attacked in his native Albania in 1999 because he was a Catholic seminarian were not credible, as they were not supported by the background material. In particular, the IJ noted that an Albania Country Profile ("Profile") and an International Religious Freedom Report ("Report") issued by the State Department in May 2001 and October 2002, respectively, found widespread religious tolerance allowing Christians to actively practice their faith. On appeal, the BIA rejected the IJ's adverse credibility determination finding that Pepushaj's testimony was consistent and plausible given the evidence of conditions in Albania at the time the attacks were alleged to have occurred. Nonetheless, the BIA dismissed the appeal, concluding that conditions in Albania had improved such that Pepushaj could not demonstrate a reasonable possibility—much less a clear probability—of persecution if returned to Albania at this time.

Where, as here, the BIA issues an independent written decision, this Court reviews the decision of the BIA. *See, e.g., Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002) (per curiam). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

Relying on the Profile and the Report, the BIA found that Albanians could freely practice their religion due to a generally amicable relationship among the different religious groups and that the Government of Albania had made the restoration of order a primary goal.[2] These findings

2. While it is generally not permitted to "engage in factfinding in the course of deciding appeals," 8 C.F.R. § 1003.1(d)(3)(iv), the BIA may take "administrative notice of commonly known facts such as current events or the contents of official documents," *id.* Here, in finding changed country circumstances, the BIA acted within the scope of its authority.

constitute substantial evidence supporting the BIA's determination that conditions in Albania had changed to such an extent since Pepushaj left that country in 1999 that he does not face a reasonable possibility of persecution or a clear probability of persecution or torture if returned to Albania. Moreover, there is no evidence in the record that even suggests a contrary conclusion. The BIA, therefore, did not err in denying Pepushaj the requested relief. *See* 8 C.F.R. §§ 208.13(b)(1)(i)(A), 208.16(b)(1)(i)(A) (permitting the discretionary denial of applications for asylum and withholding of removal where the applicant has suffered past persecution, if there is little possibility of future persecution, in light of country conditions); *id.* § 1208.16(c)(2) (requiring an applicant to demonstrate that it is "more likely than not that he ... would be tortured if removed to the proposed country of removal" in order to establish eligibility for CAT relief).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

Not only were the facts supporting that conclusion drawn from State Department reports, those same facts were noted by the IJ in support of her conclusion that Pepushaj testimony was not credible.

